**BK: R 8602**
**PG: 496 - 502**
RECORDED:                          **2022023371**                          NC FEE $64.00
04/11/2022              **GUILFORD COUNTY, NC**
09:00:35 AM              **JEFF L. THIGPEN**
ASSISTANT-HP              REGISTER OF DEEDS
BY: CINDY L BENNETT

**This instrument prepared by and**
**after recording return to:**

Meritage Homes Corporation
Attention: Legal Department
8800 E. Raintree Drive, Suite 300
Scottsdale, AZ 85260

| Brief description for the index: | Approximately 195.38 acres identified as a portion of Parcel ID Nos. 108815, 108819 and 108818 |
|---|---|

## NORTH CAROLINA DEED OF TRUST, COLLATERAL ASSIGNMENT AND FIXTURE FILING

### SECURING FUTURE ADVANCES

THIS DEED OF TRUST, COLLATERAL ASSIGNMENT AND FIXTURE FILING [SECURING FUTURE ADVANCES] is made and given this _____ day of April, 2022, by and between:

| **GRANTOR:** | **TRUSTEE:** | **BENEFICIARY:** |
|---|---|---|
| **MCCONNELL ROAD SOUTH – GSO, LLC** | **METRO TITLE COMPANY** | **MERITAGE HOMES OF THE CAROLINAS, INC.**, an Arizona corporation |
| 610 Pembroke Road, #10007 Greensboro, NC 27408 Attention: Zach Tran | 726 North Blount Street Raleigh, NC 27604 ATTN: David Huffstetler | 3300 Paramount Pkwy, Suite 120 Morrisville, NC 27560 Attn: Ric Rojas |

Enter in appropriate block for each party: name, address, and, if appropriate, character of entity, e.g. corporation or partnership.

The designation Grantor, Trustee, and Beneficiary as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, Grantor, as seller, and Beneficiary, as buyer, are parties to that certain Purchase and Sale Agreement and Joint Instructions dated March 21, 2022 (as amended from time to time, the **"Agreement"**), the terms of which are incorporated herein, pursuant to which Grantor is to convey to Beneficiary that certain tract or parcel of property described on **Exhibit A** attached hereto and incorporated herein by reference (the **"Encumbered Property"**). This Deed of Trust is given by Grantor pursuant to the Agreement to secure (a) Grantor's obligation to return and/or credit the Deposit, as defined in and set forth in the Agreement and in the aggregate amount of $6,177,651.00; (b) Grantor's obligation to return, repay or credit funds advanced or expended by Beneficiary in accordance with the Agreement to perform certain development obligations with respect to the Property at the expense of Grantor, as applicable and as more fully set forth in the Agreement (the **"Development Obligations"**); and (c) any funds advanced by Beneficiary pursuant to and in accordance with that certain Intercreditor Agreement entered concurrently herewith (hereinafter, the **"Intercreditor Agreement"**) by and among Grantor, Beneficiary and TIG ROMSPEN US MASTER MORTGAGE LP (hereinafter, the **"Senior Lender"**). This Deed of Trust is given in whole or in part to secure any future advances made by Beneficiary to Grantor in furtherance of Grantor's obligation to perform the Development

Submitted electronically by "Isaacson Isaacson Sheridan Fountain & Leftwich, LLP" in compliance with North Carolina statutes governing recordable documents and the terms of the submitter agreement with the Guilford County Register of Deeds.

**EXHIBIT B**

**This instrument prepared by and after recording return to:**

Meritage Homes Corporation
Attention: Legal Department
8800 E. Raintree Drive, Suite 300
Scottsdale, AZ 85260

| Brief description for the index: | Approximately 195.38 acres identified as a portion of Parcel ID Nos. 108815, 108819 and 108818 |
|---|---|

## NORTH CAROLINA DEED OF TRUST, COLLATERAL ASSIGNMENT AND FIXTURE FILING

### SECURING FUTURE ADVANCES

THIS DEED OF TRUST, COLLATERAL ASSIGNMENT AND FIXTURE FILING [SECURING FUTURE ADVANCES] is made and given this _____ day of April, 2022, by and between:

| GRANTOR: | TRUSTEE: | BENEFICIARY: |
|---|---|---|
| **MCCONNELL ROAD SOUTH – GSO, LLC**<br><br>610 Pembroke Road, #10007<br>Greensboro, NC 27408<br>Attention: Zach Tran | **METRO TITLE COMPANY**<br><br>726 North Blount Street<br>Raleigh, NC 27604<br>ATTN: David Huffstetler | **MERITAGE HOMES OF THE CAROLINAS, INC.**, an Arizona corporation<br><br>3300 Paramount Pkwy, Suite 120<br>Morrisville, NC 27560<br>Attn: Ric Rojas |

Enter in appropriate block for each party: name, address, and, if appropriate, character of entity, e.g. corporation or partnership.

The designation Grantor, Trustee, and Beneficiary as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, Grantor, as seller, and Beneficiary, as buyer, are parties to that certain Purchase and Sale Agreement and Joint Instructions dated March 21, 2022 (as amended from time to time, the "**Agreement**"), the terms of which are incorporated herein, pursuant to which Grantor is to convey to Beneficiary that certain tract or parcel of property described on **Exhibit A** attached hereto and incorporated herein by reference (the "**Encumbered Property**"). This Deed of Trust is given by Grantor pursuant to the Agreement to secure (a) Grantor's obligation to return and/or credit the Deposit, as defined in and set forth in the Agreement and in the aggregate amount of $6,177,651.00; (b) Grantor's obligation to return, repay or credit funds advanced or expended by Beneficiary in accordance with the Agreement to perform certain development obligations with respect to the Property at the expense of Grantor, as applicable and as more fully set forth in the Agreement (the "**Development Obligations**"); and (c) any funds advanced by Beneficiary pursuant to and in accordance with that certain Intercreditor Agreement entered concurrently herewith (hereinafter, the "**Intercreditor Agreement**") by and among Grantor, Beneficiary and TIG ROMSPEN US MASTER MORTGAGE LP (hereinafter, the "**Senior Lender**"). This Deed of Trust is given in whole or in part to secure any future advances made by Beneficiary to Grantor in furtherance of Grantor's obligation to perform the Development

1

Obligations in accordance with the Agreement and/or to Senior Lender pursuant to the Intercreditor Agreement, which obligations may arise following the date this Deed of Trust. The amount secured by this Deed of Trust shall in no event exceed $50,000,000.00 at any one time. No advances shall be made by Beneficiary, and no obligations of Grantor shall arise, following the date which is thirty (30) years following the date this Deed of Trust is recorded in the Office of the Register of Deeds in the county in which the Encumbered Property is situated.

NOW, THEREFORE, as security for such sums and costs of collection related to the Deposit and the Development Obligations and other valuable consideration, the receipt of which is hereby acknowledged and for the benefit of Beneficiary, Grantor has bargained, sold, given, granted and conveyed and does by these presents bargain, sell, give, grant and convey to said Trustee, his heirs, or successors, and assigns, to be held in trust for the benefit of Beneficiary, the "**Property**" which includes all below-described property, including real property, personal property and fixtures:

1.  The Encumbered Property; and

2.  All (A) plans and specifications for the Development Obligations to be constructed by Grantor on the Encumbered Property; (B) contract rights, construction contracts, and engineering agreements related to the Development Obligations; (C) permits, licenses, certificates, development rights, commitments and rights for utilities, and other rights and privileges obtained in connection with the Development Obligations and the Encumbered Property; and (D) engineering and other technical or business data concerning the Development Obligations which are in the possession of Grantor or in which Grantor can otherwise grant a security interest; and

3.  All (A) proceeds of or arising from the properties, rights, titles and interests referred to above, including but not limited to proceeds of any sale, lease or other disposition thereof, proceeds of each policy of insurance relating thereto (including premium refunds), proceeds of the taking thereof or of any rights appurtenant thereto, including change of grade of streets, curb cuts or other rights of access, by eminent domain or transfer in lieu thereof for public or quasi-public use under any law, and proceeds arising out of any damage thereto; and (B) other interests of every kind and character which Grantor now has or hereafter acquires in, to or for the benefit of the properties, rights, titles and interest referred to above in this Section and all property used or useful in connection therewith, including but not limited to rights of ingress and egress and remainders, reversions and reversionary rights or interests, and development and declarant rights.

TO HAVE AND TO HOLD said Property with all privileges and appurtenances thereunto belonging to said Trustee, its heirs, successors, and assigns forever, upon the trusts, terms and conditions, and for the uses hereinafter set forth.

Without limitation, Grantor does further hereby grant to Beneficiary a security interest in all of the Property which constitutes personal property or fixtures (herein sometimes collectively called the "**Collateral**") (such that, in addition to its rights hereunder or otherwise, Beneficiary shall have all of the rights of a secured party under North Carolina law, and/or under the Uniform Commercial Code to the extent applicable).

If Grantor shall comply with all of the covenants, terms and conditions of the Agreement and this Deed of Trust, then this conveyance shall be null and void and may be cancelled of record at the request and the expense of Grantor. If, however, there shall be any default in the performance of the Development Obligations under the Agreement, and if such failure is not cured within thirty (30) days from the date of written notice from Beneficiary to Grantor, then, and in any of such events, it shall be lawful for, and the duty of Trustee, upon request of Beneficiary, to sell the Encumbered Property herein conveyed at public auction for cash, after having first giving such notice of hearing as to commencement of foreclosure proceedings and obtained such findings or leave of court as may then be required by law and giving such notice and advertising the time and place of such sale in such manner as may then be provided by law, and upon such and any resales and upon compliance with the law then relating to foreclosure proceedings under power of sale, to convey title to the purchaser in as full and ample manner as Trustee is empowered (the "**Sale**"). Trustee shall be authorized to retain an attorney to represent him in such proceedings. Beneficiary hereby acknowledges that, except for Grantor's failure to perform the Development Obligations in accordance with the terms

2

of the Agreement (whether pursuant to a Grantor Default under the Agreement or otherwise as therein required), a default by Grantor under the Agreement shall not be deemed a default under this Deed of Trust.

The proceeds of the Sale shall, after Trustee retains his commission, together with reasonable attorneys' fees incurred by Trustee in such proceeding, be applied first to the costs of sale, including, but not limited to, costs of collection, taxes, assessments, costs of recording, service fees and incidental expenditures, and advancements and other sums expended by Beneficiary according to the provisions hereof and otherwise as required by the then existing law relating to foreclosures, with the remaining amount to be paid to Beneficiary. Trustee's commission shall be five percent (5%) of the gross proceeds of the sale or the minimum sum of $500.00, whichever is greater, for a completed foreclosure. In the event foreclosure is commenced, but not completed, Grantor shall pay all expenses incurred by Trustee, including reasonable attorneys' fees, and a partial commission computed on five percent (5%) of the outstanding indebtedness or the above stated minimum sum, whichever is greater, in accordance with the following schedule, to-wit: one-fourth (1/4) thereof before Trustee issued a notice of hearing on the right to foreclosure; one-half (1/2) thereof after issuance of said notice; one-fourth (1/4) thereof after such hearing; and the greater of the full commission or minimum sum after the initial sale.

And said Grantor does hereby covenant and agree with Trustee as follows:

TAXES, ASSESSMENTS, CHARGES. Grantor shall pay all taxes, assessments and charges as may be lawfully levied against said Property prior to the same becoming delinquent. In the event that Grantor fails to pay all taxes, assessments and charges as herein required, then Beneficiary, at his option, may pay the same and the amounts so paid shall be added to the principal of the Agreement secured by this Deed of Trust and shall be due and payable upon demand of Beneficiary.

WASTE. Grantor covenants that it will keep the Property herein conveyed in as good order, repair and condition as they are now, reasonable wear and tear excepted, and will comply with all governmental requirements respecting the Property or their use, and that he will not commit or permit any waste.

WARRANTIES. Grantor covenants with Trustee and Beneficiary that he is seized of the Property in fee simple, that no other person or entity has any possessory or ownership interest in the Property and that there is no lien upon the Property which is superior to this Deed of Trust, other than taxes levied by governmental authorities.

SUBSTITUTION OF TRUSTEE. Grantor and Trustee covenant and agree to and with Beneficiary that in case the said Trustee, or any successor trustee, shall die, become incapable of acting, renounce his trust, or for any reason Beneficiary desires to replace said Trustee, then Beneficiary may appoint, in writing, a trustee to take the place of Trustee; and upon the probate and registration of the same, the trustee thus appointed shall succeed to all rights, powers and duties of Trustee.

☒ **THE FOLLOWING PARAGRAPH 5, SALE OF PROPERTY, SHALL NOT APPLY UNLESS THE BLOCK TO THE LEFT MARGIN OF THIS SENTENCE IS MARKED AND/OR INITIALED.**

SALE OF PROPERTY. Grantor agrees that if the Encumbered Property or any part thereof or interest therein is sold, assigned, transferred, conveyed or otherwise alienated by Grantor, whether voluntarily or involuntarily or by operation of law (other than (i) the creation of a lien or other encumbrance subordinate to this Deed of Trust which does not relate to a transfer of rights of occupancy in the Encumbered Property; (ii) a transfer by devise, decent, or operation of law on the death of a joint tenant or tenant by the entirety; (iii) a transfer to a relative resulting from the death of a Grantor; (iv) a transfer where a spouse or children of Grantor become the owner of the Encumbered Property; (v) a transfer resulting from a decree of a dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of Grantor becomes an owner of the Encumbered Property; or (vi) a transfer into an *inter vivo* trust in which Grantor is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the Encumbered Property), without the prior written consent of Beneficiary, Beneficiary, at its own option, may declare the Deposit and the amount of money required to complete the Development Obligations secured hereby and all other obligations hereunder to be forthwith due and payable. Any change in the legal or equitable title of the Encumbered Property or in the beneficial ownership of the Encumbered Property, including the sale, conveyance or disposition of a majority interest in Grantor if a corporation or partnership,

3

Case 1:24-cv-00811-CCE-LPA   Document 1-2   Filed 09/27/24   Page 4 of 8

whether or not of record and whether or not for consideration, shall be deemed to be the transfer of an interest in the Encumbered Property.

ADVANCEMENTS. If Grantor shall fail to perform any of the covenants or obligations contained herein and Grantor fails to cure the same within ten (10) business days, Beneficiary may, but without obligation, make advances to perform such covenants or obligations, and all such sums so advanced shall be added to the principal sum secured hereby and shall be due from Grantor on demand of Beneficiary. No advancement or anything contained in this paragraph shall constitute a waiver by Beneficiary or prevent such failure to perform from constituting an event of default.

CIVIL ACTION. In the event Trustee is named as a party to any civil action as Trustee in this Deed of Trust, Trustee shall be entitled to employ an attorney at law, including himself if he is a licensed attorney, to represent him in said action and the reasonable attorney's fee of Trustee in such action shall be paid by Beneficiary and added to the principal of the Agreement secured by this Deed of Trust.

OTHER TERMS. N/A

CONDEMNATION. In the event that any or all of the Property shall be condemned and taken under the power of eminent domain, Grantor shall give immediate written notice to Beneficiary and Beneficiary shall have the right to receive and collect all damages awarded by reason of such taking, and the right to such damages hereby is assigned to Beneficiary who shall have the discretion to apply the amount so received, or any part thereof, to the indebtedness due hereunder and if payable in installments, applied in the inverse order of maturity of such installments, or to any alteration, repair or restoration of the Property by Grantor.

PRIOR LIENS. Default under the terms of any instrument secured by a lien to which this Deed of Trust is subordinate shall constitute default hereunder.

UNIFORM COMMERCIAL CODE. Without limitation of Beneficiary's rights of enforcement with respect to the Collateral or any part thereof in accordance with the procedures for foreclosure of real estate, Beneficiary may exercise its rights of enforcement with respect to the Collateral or any part thereof under North Carolina law (or under the Uniform Commercial Code in force in any other state to the extent the same is applicable law) and in conjunction with, in addition to or in substitution for those rights and remedies: (1) Beneficiary may enter upon the Premises to take possession of, assemble and collect the Collateral or, to the extent and for those items of the Collateral permitted under applicable law, to render it unusable; (2) Beneficiary may require Grantor to assemble the Collateral and make it available at a place Beneficiary designates which is mutually convenient to allow Beneficiary to take possession or dispose of the Collateral; (3) written notice mailed to Grantor as provided herein at least five (5) days prior to the date of public sale of the Collateral or prior to the date after which private sale of the Collateral will be made shall constitute reasonable notice; (4) any sale made pursuant to the provisions of this paragraph shall be deemed to have been a public sale conducted in a commercially reasonable manner if held contemporaneously with and upon the same notice as required for the sale of the Property under power of sale as provided above; (5) in the event of a foreclosure sale, whether made by Trustee under the terms hereof, or under judgment of a court, the Collateral and the other Property may, at the option of Beneficiary, be sold as a whole; (6) it shall not be necessary that Beneficiary take possession of the Collateral or any part thereof prior to the time that any sale pursuant to the provisions of this Section is conducted and it shall not be necessary that the Collateral or any part thereof be present at the location of such sale; (7) with respect to application of proceeds of disposition of the Collateral hereunder, the costs and expenses incident to disposition shall include the reasonable expenses of retaking, holding, preparing for sale or lease, selling, leasing, and the like and the reasonable attorney's fees and legal expenses incurred by Beneficiary; (8) any and all statements of fact or other recitals made in any bill of sale or assignment or other instrument evidencing any foreclosure sale hereunder as to non-payment of the secured indebtedness or as to the occurrence of any default, or as to Beneficiary having declared all of such indebtedness to be due and payable, or as to notice of time, place, and terms of sale and of the properties to be sold having been duly given, or as to any other act or thing having been duly done by Beneficiary, shall be taken as prima facie evidence of the truth of the facts so stated and recited; and (9) Beneficiary may appoint or delegate any one or more persons as agent to perform any act or acts necessary or incident to any sale held by Beneficiary, including the sending of notices and the conduct of the sale, but in the name and on behalf of Beneficiary.

4

DEED OF TRUST AS FINANCING STATEMENT. This Deed of Trust shall be effective as a financing statement filed as a fixture filing with respect to all fixtures included within the Property and is to be filed for record in the real estate records of each county where any part of the Property (including said fixtures) is situated. This Deed of Trust shall also be effective as a financing statement covering any other Property and may be filed in any other appropriate filing or recording office. The mailing address of Grantor is the address of Grantor set forth in the cover of this Deed of Trust and the address of Beneficiary from which information concerning the security interests hereunder may be obtained is the address of Beneficiary set forth in the cover of this Deed of Trust. A carbon, photographic or other reproduction of this Deed of Trust or of any financing statement relating to this Deed of Trust shall be sufficient as a financing statement for any of the purposes referred to in this Section.

[signature page follows]

5

IN WITNESS WHEREOF, Grantor has caused this instrument to be signed in its name, as of the day and year first written above.

**GRANTOR:**

MCCONNELL ROAD SOUTH – GSO, LLC, a North Carolina limited liability company

By: _____

Name: Zachary Tran

Title: Manager

STATE OF NORTH CAROLINA

COUNTY OF Guilford

    I certify that the following person personally appeared before me this day and acknowledged to me that he/she signed the foregoing document for the purpose stated therein:

Zachary Tran .

Date: 4/7/2022

_____
Notary Public
Notary Name: Katherine C. DeSpain
My Commission Expires: 10/27/2024

[Affix Notary Stamp or Seal]

Katherine C. DeSpain
NOTARY
PUBLIC
GUILFORD COUNTY, NC

6

LEGAL DESCRIPTION OF THE ENCUMBERED PROPERTY

Beginning at an existing iron rod at the centerline intersection of Village Road, S.R. 3073 and McConnell Road, S.R. 3072, having a North Carolina State Plane Coordinate (Epoch 2011) value of North 835367.12 feet, East 1817428.32 feet. Thence with the centerline of McConnell Road N53° 45' 57"E, 29.59' to an existing nail; thence with a curve to the right having a radius of 2980.00' a length of 1024.12', and a chord bearing and distance of N63° 36' 40"E, 1019.09' to an existing nail; thence N73° 27' 23"E, 47.21' to an existing nail; thence with a curve to the right having radius of 2980.00', a length of 432.64', and a chord bearing and distance of : N77° 36' 36"E, 432.26' to an existing nail; thence N81° 46' 29"E, 637.05' to an existing nail; thence leaving McConnell Road S1° 17' 17"W, 1290.13' to a 5/8" capped rebar set; thence S1° 17' 17"W, 1147.26' to a 5/8" capped rebar set, witness by an existing iron rod which bears S 87° 16' 06"E, 5.22'; thence N87° 16' 06"W, 1314.38' to an existing planted rock; thence S28° 12' 53"W, 909.65' to an existing iron rod; thence S34° 07' 15"W, 939.49' to an existing iron rod; thence N79° 59' 33"W, 560.70' to an existing iron rod; thence S12° 17' 49"W, 402.46' to an existing iron rod; thence N83° 15' 40"W, 665.58' to an existing iron pipe; thence N83° 38' 42"W, 98.94' to an existing iron pipe; thence N83° 34' 22"W, 95.68' to an existing iron pipe' thence N4° 35' 46"E, 263.44' to an existing iron pipe; thence N83° 35' 15"W, 169.81' to an existing iron pipe; thence N2° 48' 04"E, 398.60' to an existing iron pipe; thence N2° 44' 11"E, 124.48' to an existing iron pipe; thence S88° 38' 24"E, 628.19' to an existing iron pipe; thence N2° 47' 04"E, 859.39' to a 5/8" capped iron rod set; thence N04° 23' 00"E, 4.95' to an existing iron pipe; thence N22° 23' 56"E, 434.48' to a 5/8" capped iron rod set; thence S87° 04' 38"E, 100.81' to a 5/8" capped iron rod set; thence N8° 43' 52"E, 619.22' to a nail set in the centerline of McConnell Road; thence with a curve to the left having a radius of 862.44', a length of 26.81', and a chord bearing and distance of N39° 54' 40"E, 26.81' to a point; thence N39° 01' 14"E, 283.70' to a point; thence with a curve to the right having a radius of 1978.32', a length of 498.34', and a chord bearing and distance of N46° 14' 14"E, 497.03' to a point; thence N53° 32' 35"E, 397.07' to the Beginning. Containing 195.380 acres more, or less, and containing the properties having the following North Carolina Parcel Identification Numbers: P/O 8813749709, 8813638023, 8813634730